*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-796-GHK (VBKx) | Date | June 27, 2008 |
|---|---|---|---|
| Title | *Abdulmajid v. Arellano* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers) Order re: Defendant's Motion to Dismiss**

   This matter is before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion").[1]  We have considered the papers filed in support of and opposition to this Motion and deem this matter appropriate for resolution without oral argument.  L.R. 7-15.  The parties are familiar with the facts in the current action.  Thus, we will not repeat any facts except as necessary.

   On August 9, 2006 Plaintiff Saad Abdulmajid ("Plaintiff") filed an N-400 application for naturalization.  His application is still pending.  The United States Citizenship and Immigration Service ("USCIS") has not scheduled Plaintiff's naturalization interview and his Federal Bureau of Investigation ("FBI") background check is not complete.  Plaintiff filed the current action for mandamus and violation of the Administrative Procedure Act ("APA") seeking an order compelling USCIS to adjudicate his application within 30 days.[2]  Defendant moves to dismiss for lack of subject matter jurisdiction.

//

---

   [1]  Plaintiff erroneously states that Defendant has filed a Motion to Dismiss for failure to state a claim.  However, Defendant's Notice of Motion clearly states that she is moving to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

   [2]  Plaintiff's Opposition argues that Defendant has a duty to adjudicate applications pursuant to the APA within a reasonable time.  Defendant's Reply states that Plaintiff has only asserted a claim under mandamus and that his Complaint "is devoid of any mention of the APA."  However, the last page of Plaintiff's mere four page Complaint *clearly* states in bold, capital letters that he is asserting a claim for "Violation of the Administrative Procedure Act."  Even a cursory reading of Plaintiff's Complaint reveals that Plaintiff is asserting a claim for unreasonable delay under the APA.  In light of Plaintiff's mischaracterization of Defendant's Motion and Defendant's mischaracterization of Plaintiff's Complaint, we caution *both* parties that the quality of and the care they have exhibited in their briefing thus far is *unacceptable*.

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-796-GHK (VBKx) | Date | June 27, 2008 |
|---|---|---|---|
| Title | *Abdulmajid v. Arellano* | | |

**I.     Legal Standard**

"Federal courts are courts of limited jurisdiction" and possess only the power to adjudicate cases that the Constitution and federal statutes permit. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). We are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The party seeking to invoke the jurisdiction of the federal courts has the burden of establishing that such jurisdiction exists. *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278 (1936).

When considering a motion to dismiss for lack of subject matter jurisdiction, we may properly review evidence outside the pleadings to resolve factual disputes concerning the existence of jurisdiction. *Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947) ("[W]hen a question of the District Court's jurisdiction is raised, either by a party or by the court on its own motion ... the court may inquire, by affidavits or otherwise, into the facts as they exist."); *see also Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983) (consideration of material outside of the pleadings does not convert a Rule 12(b)(1) motion into a summary judgment motion).

**II.    Discussion**

Defendant moves to dismiss on the grounds that we lack subject matter jurisdiction over Plaintiff's mandamus action because Plaintiff cannot demonstrate that USCIS failed to adhere to a clear ministerial duty. Additionally, in her Reply, Defendant argues that we do not have subject matter jurisdiction under the APA because Plaintiff's mandatory background check has not been completed. Plaintiff argues that we do have jurisdiction because Defendant has a clear ministerial duty to adjudicate his application, and that under the APA, Defendant has a duty to do so within a reasonable time.[3]

The APA does not create subject matter jurisdiction by itself. However, in conjunction with § 1331 and/or § 1361, we have jurisdiction to compel action from a government agency where it has been unlawfully withheld or unreasonably delayed. Where the relief sought is identical under either the APA or the mandamus statute, we may analyze the issues under the APA. *See Independence Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir.1997) (stating that "the Supreme Court has construed a claim seeking mandamus under the MVA [Mandamus and Venue Act], 'in essence,' as one for relief under § 706 of the APA.").

---

[3] It is undisputed that we do not have subject matter jurisdiction over this action pursuant to 8 U.S.C. §§ 1447(b) and 1421(c). Section 1447(b) provides that when USCIS fails to make a determination within 120 days after the date on which the naturalization examination is conducted, the applicant may apply to the district court for a hearing on the matter. Section 1421(c) provides that a person whose application is denied, after a hearing before an immigration officer, may seek review of the denial in district court. However, because Plaintiff has not yet been interviewed and his application has not been adjudicated, neither section applies.

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-796-GHK (VBKx) | Date | June 27, 2008 |
|---|---|---|---|
| Title | *Abdulmajid v. Arellano* | | |

      District courts are divided on the issue of whether USCIS is required to adjudicate applications within a certain period of time, apart from the provisions of § 1447(b) and § 1421(c). Some courts have held that because USCIS has no duty to adjudicate N-400 applications within a particular time frame, there is no jurisdiction to hear an unreasonable delay claim under the APA. Other courts have concluded that USCIS has a duty to adjudicate N-400 applications within a reasonable time, such that there is jurisdiction to compel adjudication where it has been unreasonably delayed. *Compare Sidhu v. Chertoff*, No. CV 07-1188, 2008 WL 540685, *5 (E.D. Cal. Feb. 25, 2008) *and Jiang v. Chertoff*, No. CV 08-332, 2008 WL 1899245, *2 (N.D. Cal. April 28, 2008), *with Omar v. Mueller*, 501 F. Supp. 2d 636, 640 (D. N.J. 2007) and *Dairi v. Chertoff*, No. CV 07-1014, 2007 WL 3232503, *1-*2 (S.D. Cal. Nov. 1, 2007). Having considered the respective cases addressing this issue, we think the better view is that the APA and the citizenship regulations establish a duty on the part of USCIS to adjudicate N-400 applications within a reasonable time frame, such that we can properly exercise jurisdiction over a claim for unreasonable delay.

      First, we begin with the default rule that agency actions are reviewable under federal question jurisdiction, pursuant to 28 U.S.C. § 1331 and reinforced by the enactment of the [APA], even if no statute specifically authorizes judicial review. *See ANA Int'l Inc. v. Way*, 393 F.3d 886, 890 (9th Cir. 2004). Even if no statute specifically provides that an agency's decisions are subject to judicial review, the Supreme Court "customarily refuse[s] to treat such silence as a denial of authority to [an] aggrieved person to seek appropriate relief in the federal courts, and this custom has been reinforced by the enactment of the Administrative Procedure Act. . ." *Spencer Enterprises, Inc. v. U.S.*, 345 F.3d 683, 687-88 (9th Cir. 2003) (internal citations and quotations omitted).

      "The APA authorizes suit by '[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute.'" *Jiang*, 2008 WL 1899245, at *2 (citing *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 61 (2004) (quoting 5 U.S.C. § 702)). "'Agency action' is defined in § 551(13) to include 'the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act.'" *Id.* The APA provides relief for a failure to act in § 706(1): "The reviewing court shall ... compel agency action unlawfully withheld or unreasonably delayed." *Id.* Thus, a remedy under the APA is limited to an order compelling an agency to act, and does not include the ability to tell an agency *how* to act. Additionally, § 555(b) of the APA states: "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." *Id.* However, the Supreme Court has held that "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Norton*, 542 U.S. at 64.

//

      Two issues arise that can potentially affect the default rule that the APA applies: (1) whether there is a statute specifically stripping the court of jurisdiction, and (2) whether USCIS has a duty to process naturalization applications, such that Plaintiffs can state a claim for unreasonable delay. In this

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-796-GHK (VBKx) | Date | June 27, 2008 |
|---|---|---|---|
| Title | *Abdulmajid v. Arellano* | | |

case, there is no statute specifically stripping the court of jurisdiction to hear this issue.[4] Although §§ 1447(b) and 1421(c) provide for district court review of naturalization applications in certain instances, they are not jurisdiction stripping statutes. Nor do we read these statutes as implicitly limiting our jurisdiction to review claims of undue delay. First, "[e]ven where the ultimate result is to limit judicial review. . .the narrower construction of a jurisdiction-stripping provision is favored over the broader one." *ANA*, 393 F.3d at 891. Additionally, §§ 1447(b) and 1421(c) cover claims that are functionally different than a claim for unreasonable delay, because these statutes actually allow the district court to adjudicate a naturalization application. A claim for unreasonable delay does not provide us with jurisdiction to adjudicate an application or instruct USCIS on whether to grant or deny the application. Rather, the purpose of an unreasonable delay claim is simply to order a government agency to take *some* action, whatever that action may be. Thus, a law vesting the district court with its own authority to determine the merits of a naturalization application under certain circumstances does not necessarily speak to the ability, or inability, of the court to order USCIS to take action on an application. As such, we conclude that there is no jurisdiction-stripping provision that would preclude the application of the default rule that agency actions are reviewable under the APA.

Regardless of whether there is a jurisdiction-stripping statute, some courts have found that USCIS does not have a duty to adjudicate naturalization applications within a specific period of time because there is no requirement that the FBI background check be performed within a certain period of time. *See e.g. Omar*, 501 F. Supp. 2d at 640. These cases argue that because USCIS is prohibited from conducting an examination before the background check is complete, the district court has no ability to force adjudication or an interview. Specifically, 8 C.F.R. § 335.2(b) provides that the examination cannot be scheduled until the background check is complete. Defendant makes a similar argument in her Reply.[5] However, we consider this argument as going to the merits and the reasonableness of USCIS's delay, rather than to our jurisdiction over the matter. At this time, we express no opinion regarding whether any alleged delay caused by the FBI, which is not a party to this action, is or is not attributable to USCIS.

//

Additionally, the cases that hold that we lack jurisdiction pursuant to the mandamus statute and the APA to compel the adjudication of a naturalization argue that there is no requirement that USCIS

---

[4] We note that even in cases where an explicit jurisdiction stripping statute is present, courts have noted the importance of construing the scope of the statute. For example, in cases involving Adjustment of Status ("AOS") applications, some courts have held that they have jurisdiction under the mandamus statute and the APA to compel agency action, even though AOS adjudications are subject to a jurisdiction stripping provision found in 8 U.S.C. § 1252(a)(2)(B)(ii). *See, e.g., Dong v. Chertoff*, 513 F. Supp. 2d 1158 (N.D. Cal. 2007); *but see Safadi v. Howard*, 466 F. Supp. 2d 696 (E.D. Va. 2006).

[5] Defendant's Reply acknowledges that USCIS has a duty to adjudicate Plaintiff's application. However, Defendant appears to argue that this duty does not arise until the background check has been completed.

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-796-GHK (VBKx) | Date | June 27, 2008 |
|---|---|---|---|
| Title | *Abdulmajid v. Arellano* | | |

conduct an examination within a "defined time period." *See e.g. Omar*, 501 F. Supp. 2d at 640. However, the more appropriate inquiry is whether or not the INS has a duty to adjudicate an application at all, not whether they have a duty to do so within a particular period of time. If USCIS does have a duty to adjudicate applications, it is the general unreasonable delay provision of the APA that provides that action must be taken within a reasonable amount of time.

Viewing the APA and the relevant naturalization statutes and regulations in their totality, we conclude that USCIS has a duty to adjudicate naturalization applications. First, the regulations implementing the Immigration and Nationality Act ("INA") require USCIS to give applicants a response to their petition for citizenship. 8 C.F.R. § 335.3(a) states:

> The Service officer *shall* grant the application if the applicant has complied with all requirements for naturalization under this chapter. A decision to grant or deny the application *shall* be made at the time of the initial examination or within 120-days after the date of the initial examination of the applicant for naturalization under § 335.2. The applicant *shall* be notified that the application has been granted or denied and, if the application has been granted, of the procedures to be followed for the administration of the oath of allegiance pursuant to part 337 of this chapter.

8 C.F.R. § 335.3(a) (emphasis added).

This section clearly states that the officer *shall* grant the application if the applicant has complied with all of the requirements for naturalization. It also states that the applicant *shall* be notified that the application has been granted or denied. Thus, at some point, USCIS must make a decision whether to grant or deny the application and cannot simply choose not to adjudicate it.

Moreover, 8 C.F.R. § 335.1 requires USCIS to conduct an investigation of the applicant after he or she files an application for naturalization. *See* 8 C.F.R. § 335.1 ("Subsequent to the filing of an application for naturalization, the Service shall conduct an investigation of the applicant. . .") 8 C.F.R. § 335.2(a) provides in pertinent part:

> . . .Subsequent to the filing of an application for naturalization, each applicant *shall* appear in person before a Service officer designated to conduct examinations pursuant to § 332.1 of this chapter. The examination *shall* be uniform throughout the United States and *shall* encompass all factors relating to the applicant's eligibility for naturalization. . .

8 C.F.R. § 335.2(a)(emphasis added).

Taken in their totality, these regulations show that USCIS has a duty to adjudicate a naturalization application. As such, we have subject matter jurisdiction over a claim for unreasonable delay under the APA to compel adjudication of a naturalization application. Accordingly, Defendant's Motion to Dismiss for lack of Subject Matter Jurisdiction is **DENIED**.

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-796-GHK (VBKx) | Date | June 27, 2008 |
|---|---|---|---|
| Title | *Abdulmajid v. Arellano* | | |

**III.    Conclusion**

Defendant's Motion to Dismiss for lack of Subject Matter Jurisdiction is **DENIED**.[6]  Defendant is **ORDERED** to answer the Complaint **WITHIN TEN (10) DAYS** hereof.  Fed. R. Civ. P. 12(a)(4)(A).

**IT IS SO ORDERED.**

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | Bea | | |

---

[6]  Nothing in this order is intended to state an opinion on the ultimate merits of Plaintiff's claim. We take no position on what constitutes an unreasonable delay in adjudicating Plaintiff's naturalization application.  Additionally, we express no opinion regarding whether any alleged delay caused by the FBI, which is not a party to this action, is or is not attributable to USCIS.  We simply decide that we have subject matter jurisdiction to hear Plaintiff's claim for unreasonable delay.